UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | | |
|---|---|---|
| DAWN EZELL, | § § | Case No. 8:18-cv-01110-SDM-CPT |
| *Plaintiff,* | § § | |
| v. | § § | |
| NATIONAL CREDIT ADJUSTERS, LLC, | § § | |
| *Defendant.* | | |

## DEFENDANT NATIONAL CREDIT ADJUSTERS, LLC'S
## UNOPPOSED MOTION TO SET ASIDE CLERK'S ENTRY OF DEFAULT

COMES NOW, Defendant NATIONAL CREDIT ADJUSTERS, LLC ("**NCA**") and files its *Unopposed Motion to Set Aside Entry of Default Judgment* as follows:

### INTRODUCTION

1. Plaintiff filed his *Complaint* on May 7, 2018. (Doc. 1). On July 12, 2018, this Court entered an Order dismissing Plaintiff's *Complaint* due to Plaintiff's failure to prosecute this case. (Doc. 6). Plaintiff then filed a *Motion to Reopen Case* (the "**Motion to Reopen**") on July 23, 2018. (Doc. 7). The *Motion to Reopen* was granted on July 27, 2018. (Doc. 8).

2. During this time span, NCA has attempted to settle the case in an attempt to prevent costly litigation for both sides. (Exhibit A). Unfortunately, despite NCA's best efforts, it has received no demand from Plaintiff, and Plaintiff has subsequently filed a *Motion for Entry of Clerk's Default* against NCA. (Doc. 9). As a result, and in order to allow this case to be decided on the merits, NCA files its *Motion to Set Aside Entry of Default Judgment*.

# STANDARD FOR SETTING ASIDE ENTRY OF DEFAULT

4. The threat of default judgment encourages parties to timely file responsive pleadings and discourages the use of delay as a litigation tactic. *Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 95-96 (2nd Cir. 1993). However, because courts prefer to resolve disputes on the merits, they disfavor default judgments and grant them sparingly. *Rogers v. Hartford Life & Acc. Ins.*, 167 F.3d 933, 936 (5th Cir. 1999). "The Federal Rules of Civil Procedure are designed for the just, speedy, and inexpensive disposition of cases on their merits, not for the termination of litigation by procedural maneuver. Default judgments are a drastic remedy, not favored by the Federal Rules and resorted to by courts only in extreme situations." *Sun Bank of Ocalia v. Pelican Homestead & Sav. Ass'n*, 874 F.2d 274, 276 (5th Cir. 1989) (footnotes omitted).

5. If a defendant learns about the entry of default before the default judgment is entered, it should immediately file a motion to set aside the entry of default, before the clerk (or the court) enters the default judgment. Fed. R. Civ. P. 55(c); *Pretzel & Stouffer v. Imperial Adjusters, Inc.*, 28 F.3d 42, 45 (7th Cir. 1994); *EEOC v. Mike Smith Pontiac GMC, Inc.*, 896 F.2d 524, 527-29 (11th Cir. 1990). District courts are more willing to set aside an entry of default than a default judgment. *Frontier Ins. v. Blaty*, 454 F.3d 590, 595 (6th Cir. 2006) (once judgment has been entered, court's discretion to set aside judgment is limited by public policy favoring finality of judgments). Fed. R. Civ. P. 55(c) does not provide a deadline for filing a motion to set aside the entry of default, but courts generally require reasonable promptness. *Dow Chem. Pac. Ltd. v. Rascator Maritime S.A.*, 782 F.2d 329, 336 (2d Cir. 1986). The defendant should file the motion to set aside the entry of default immediately after learning of it and, if possible, before the court grants the default judgment. *Merrill Lynch Mortg. Corp. v. Narayan*, 908 F.2d 246, 252 (7th Cir. 1990).

6. Rule 55 of the Federal Rules of Civil Procedure states that "[t]he court may set aside an entry of default for good cause." *See* Fed. R. Civ. P. 55(c). Some of the factors that a court may consider in determining whether there is good cause shown for setting aside an entry of default include: (1) whether the default was culpable of willful; (2) whether setting aside the default will not prejudice the non-defaulting party; and (3) whether the defaulting party had a meritorious defense. *Compania Interamericana Export-Import, S.A. v. Compania Dominicana*, 88 F.3d 948, 951 (11th Cir. 1996).

7. Although the same factors are considered to set aside an entry of default or to vacate a default judgment, the courts apply the factors more liberally to a clerk's entry of default. *Dassault Systemes, SA v. Childress*, 663 F.3d 832, 839 (6th Cir. 2011). Because setting aside entry of default does not involve a final judgment, the standard is more forgiving. *Colleton Prepatory Acad., Inc. v. Hoover Univ'l, Inc.*, 616 F.3d 413, 420 (4th Cir. 2010). Circuit cases articulate a policy of favoring trial on the merits over default judgment. *Sun Bank of Ocalia,* 473 F.3d at 811.

## ARGUMENT AND AUTHORITIES

**A. The default was not entered because of the culpable or willful action of NCA.**

8. NCA is not culpable for the entry of the clerk's default, nor was the entry caused by any willful intent on the part of NCA. (Exhibit A). After this case was filed, NCA made good-faith attempts to settle this case with Plaintiff's counsel. (*Id.*). To reasons unknown to NCA, Plaintiff's counsel has not responded to NCA's settlement attempts. (*Id.*). Furthermore, this case was dismissed due to Plaintiff's failure to prosecute the case. (Doc. 6). As such, NCA did not realize until recently that a *Motion for Entry of Clerk's Default* had been filed with the Court. (*Id.*). Once NCA realized that this case had been reopened and that the clerk's entry of default was on file, NCA immediately hired counsel and requested that this Motion and an Answer be filed

immediately. (*Id.*). As such, the evidence shows that default was not entered because of the culpable or willful action of NCA.

B.     **Setting aside the default will not prejudice Plaintiff.**

9.     Plaintiff will not suffer any prejudice by having the entry of default set aside. Plaintiff has only requested the entry of default from the clerk, and a default judgment has not yet been entered. There has been no great delay or expense incurred by Plaintiff, nor will Plaintiff lack the ability to fully prosecute his case on the merits if the default is set aside. Also, given that only an entry of default has been entered in this action, case law suggests that the Court should be more forgiving regarding this factor (as well as the others), and Courts have regularly held that there is a policy of favoring trial on the merits over default judgment. *Colleton Prepatory Acad., Inc.*, 616 F.3d at 420; *Sun Bank of Ocalia,* 473 F.3d at 811. Thus, Plaintiff will not be prejudiced by setting aside the default.

C.     **NCA has a meritorious defense.**

10.     NCA possesses a meritorious defense to Plaintiff's allegation. Plaintiff complains that NCA continued to attempt to collect from Plaintiff after being sent a written notification requesting all calls to cease. (Doc. 1 at 2). NCA disputes whether it received the cease communications letter from Plaintiff, and further disputes whether it continued to call Plaintiff after the letter was sent. (Exhibit A). However, at the very least, NCA has policies and procedures in place to prevent it from calling a debtor after he has requested calls to stop. (*Id.*). Specifically, NCA trains its employees to carefully read each letter it receives from a debtor for any FDCPA compliance issues, including requests for calls to cease. (*Id.*). If an employee receives such a request from a debtor, that employee is to immediately mark the debtor's account as a "do not call"

account. (*Id.*). Calls to debtors are not to be made without verifying there is no "do not call" request on the account. (*Id.*). Therefore, NCA has a meritorious defense to Plaintiff's claim.

## CONCLUSION

11. The Eleventh Circuit holds that a default judgment should be set aside when: (1) the default was not entered because of the culpable of willful action or inaction of defendant; (2) the default will not prejudice the non-defaulting party; and (3) the defaulting party has a meritorious defense. *Compania Interamericana Export-Import,* 88 F.3d at 951. NCA has clearly met its burden. Furthermore, courts generally apply these factors more liberally to a clerk's entry of default, and courts consistently articulate a policy of favoring a trial on the merits over a default judgment. *Dassault Systemes,* 663 F.3d at 839; *Sun Bank of Ocalia,* 473 F.3d at 811.

WHEREFORE, PREMISES CONSIDERED, Defendant NATIONAL CREDIT ADJUSTERS, LLC respectfully prays that the Court set aside the clerk's entry of default therefor allowing this case to be decided on its merits, and all other and further relief, at law or in equity, to which NCA may be justly entitled.

## **LOCAL RULE 3.01(g) CERTIFICATION**

I HEREBY CERTIFY that, pursuant to Local Rule the undersigned conferred in good faith with Plaintiff's counsel regarding the relief sought through the instant Motion, and Plaintiff's counsel has indicated that she *does not* object to the relief sought herein.

/s/ Joseph C. Proulx
JOSEPH C. PROULX, ESQ.
Florida Bar No.: 0056830
DALE T. GOLDEN, ESQ.
Florida Bar No.: 0094080
**GOLDEN SCAZ GAGAIN, PLLC**
201 North Armenia Avenue
Tampa, Florida 33609-2303
Phone: (813) 251-5500

Fax: (813) 251-3675
jproulx@gsgfirm.com
dgolden@gsgfirm.com
*Counsel for Defendant*

## **CERTIFICATE OF SERVICE**

I hereby certify that on August 20, 2018, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF. I also certify that the foregoing document is being served this day on all counsel either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

 /s/ Joseph C. Proulx
JOSEPH C. PROULX, ESQ.
Florida Bar No.: 0056830